**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SOUTH CAROLINA DEPARTMENT OF
EDUCATION; SOUTH CAROLINA STATE
SUPERINTENDENT OF EDUCATION
MITCHELL ZAIS,

*Petitioners,*

v.

No. 12-1764

ARNE DUNCAN, Secretary of
Education; UNITED STATES
DEPARTMENT OF EDUCATION,

*Respondents.*

On Petition for Review of an Order
of the Department of Education.
(EDUC-1)

Argued: March 22, 2013

Decided: April 26, 2013

Before NIEMEYER, AGEE, and THACKER,
Circuit Judges.

Petition for review granted and case remanded by published
opinion. Judge Niemeyer wrote the opinion, in which Judge
Agee and Judge Thacker joined.

## COUNSEL

**ARGUED:** Shelly Bezanson Kelly, SOUTH CAROLINA DEPARTMENT OF EDUCATION, Columbia, South Carolina, for Petitioners. Alisa Beth Klein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents. **ON BRIEF:** Wendy Bergfeldt Cartledge, Barbara Drayton, Karla Hawkins, SOUTH CAROLINA DEPARTMENT OF EDUCATION, Columbia, South Carolina, for Petitioners. Philip H. Rosenfelt, Deputy General Counsel Delegated to Perform the Functions and Duties of the General Counsel, Joan DeLise Bardee, Attorney, Department of Education, Stuart F. Delery, Principal Deputy Assistant Attorney General, Mark B. Stern, Attorney, Appellate Staff, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

## OPINION

NIEMEYER, Circuit Judge:

The Individuals with Disabilities Education Act ("IDEA") provides for grants of federal funds to States for the education of disabled children. To meet the eligibility requirements for the full amount of funds allocated to a State, that State must not reduce the amount of its own financial support for special education "below the amount of that support [it provided] for the preceding fiscal year." 20 U.S.C. § 1412(a)(18). If the State fails to meet this "maintenance-of-effort" condition, as it is referred to, the Secretary of the U.S. Department of Education ("USDOE") must reduce the level of federal funding to the State in subsequent years by the amount of the funding shortfall. *Id.* Alternatively, the Secretary may grant a waiver of the maintenance-of-effort condition if doing so "would be equitable due to exceptional or uncontrollable circumstances such as a natural disaster or a precipitous and unforeseen decline in the financial resources of the State." *Id.*

South Carolina requested a waiver of its maintenance-of-effort condition for approximately $67.4 million for its fiscal year ended 2010. The Secretary granted the waiver in part, but denied it to the extent of $36.2 million. Accordingly, he advised the State that the USDOE was reducing the State's allocation for fiscal year 2012 by $36.2 million. When South Carolina sought to have a hearing on the Secretary's determination, the Secretary advised the State that the IDEA did not provide for such a hearing.

South Carolina filed this petition for review, challenging the Secretary's denial of its request for a full waiver and its request for a hearing. The Secretary filed a motion to dismiss, contending that this court does not have jurisdiction to consider the State's petition.

We conclude that the Secretary's action in partially denying South Carolina's request for a waiver was a determination made "with respect to the eligibility of the State" for funding and that therefore we have jurisdiction to consider the State's petition for review. *See* 20 U.S.C. § 1416(e)(8)(A). We also conclude that the Secretary's denial of the State's request for a full waiver was a determination that South Carolina was "not eligible to receive a grant" in the amount of $36.2 million and that therefore the Secretary was required to provide the State with notice and an opportunity for a hearing *before* he made a final determination with respect to the waiver request. *Id.* § 1412(d)(2). Accordingly, we grant the petition for review and remand to allow the Secretary to provide South Carolina with notice and an opportunity for a hearing before he makes a final determination on South Carolina's waiver request.

I

The IDEA provides federal funding to States for the education of disabled children. To be eligible for this funding, a State must submit a plan to the Secretary of the USDOE that

"provides assurances to the Secretary that the State has in effect policies and procedures to ensure that the State meets each of [25 stated] conditions." 20 U.S.C. § 1412(a). In addition to requiring that the State provide an appropriate public education to all children with disabilities, the conditions require that the State "not reduce the amount of State financial support for special education and related services for children with disabilities . . . below the amount of that support for the preceding fiscal year." *Id.* § 1412(a)(18)(A). This maintenance-of-effort condition, however, may be waived under two circumstances, including if the Secretary determines that doing so "would be equitable due to exceptional or uncontrollable circumstances such as a natural disaster or a precipitous and unforeseen decline in the financial resources of the State."[1] *Id.* § 1412(a)(18)(C)(i). Without such a waiver, the statute provides that "[t]he Secretary shall reduce the allocation of funds . . . for any fiscal year following the fiscal year in which the State fails to comply with [the maintenance-of-effort condition] by the same amount by which the State fails to meet the requirement." *Id.* § 1412(a)(18)(B).

After experiencing "severe and precipitous" reductions in state tax revenues, South Carolina advised the USDOE of the reduced revenues and South Carolina's need to reduce funding for special education by $67.4 million. In a letter to the agency, dated February 26, 2010, South Carolina requested a waiver of the maintenance-of-effort condition for fiscal year 2010. The State also provided the agency with supporting financial information.

In an eight-page opinion letter dated June 17, 2011, then-Assistant Secretary for Special Education and Rehabilitative

---

[1]The Secretary may also waive the maintenance-of-effort requirement if "the State provides clear and convincing evidence that all children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1412(a)(17)(C). South Carolina did not seek a waiver under this standard.

Services Alexa Posny found that the submitted financial information indicated that "the State did not treat special education and related services in an equitable manner when compared to State agencies as a whole." She noted that the State reduced its support for special education by 12.02%, whereas its average reduction in appropriations across all agencies was 7.55%. For this reason, she denied the request for a waiver of the full $67.4 million amount. After recalculating the reductions in an "equitable" manner, however, Posny granted the State's waiver request to the extent of $31.2 million and denied it to the extent of $36.2 million. She stated:

> The State's submissions to the [USDOE] in support of its waiver request establish that it has failed to maintain financial support for special education and related services for FY 2010 by $36,202,909 . . . . Thus, the State has a $36,202,909 shortfall in the amount of State financial support for FY 2010.

The letter encouraged the State "to take action to restore funding for special education and related services for FY 2011." On South Carolina's request for reconsideration, Deputy Secretary Anthony Miller affirmed the decision.

Even though the USDOE informed South Carolina that it was not entitled to a hearing, South Carolina filed an appeal from Assistant Secretary Posny's decision on August 1, 2011, with the Office of Hearings and Appeals, requesting a hearing. After receiving no status reports or information regarding the appeal, South Carolina filed a motion to expedite. When the request for a hearing was presented to the Secretary, he issued an order dated May 22, 2012, denying the request for a hearing and explaining that while the IDEA provides for notice and an opportunity for a hearing "prior to (1) issuance of the Department's final agency decision *rejecting the eligibility* of a State for IDEA grant funding or (2) a *withholding of IDEA funds*," (emphasis added), the agency's partial denial of South Carolina's request for a waiver was neither a deci-

sion rejecting eligibility nor a decision withholding funds. Thus, he ruled, "no right to a hearing attached." The Secretary's opinion reasoned that because South Carolina was not challenging the conclusion that it did not meet the maintenance-of-effort condition and because South Carolina was never deemed ineligible for a grant, this was not a case of an agency decision rejecting eligibility. He also stated that the agency decision did not involve a "withholding" of grant funds under the IDEA because "[s]uch a withholding action can only occur after [the Office of Special Education and Rehabilitative Services] has made a determination that a State has substantially failed to comply with an IDEA eligibility condition." But here "[that Office] never determined the State substantially failed to comply with the IDEA's [maintenance-of-effort] requirement—the State concedes that it did not." Finally, the Secretary noted that the General Education Provisions Act ("GEPA"), 20 U.S.C. § 1234d(b) (requiring a hearing before the Secretary withholds payment under an education program), does not provide South Carolina with a right to a hearing because the specific terms of the IDEA, which require a reduction of funds, supersede the general terms of the GEPA.

The South Carolina Department of Education and its Superintendent, Mitchell Zais, filed this petition for review of the Secretary's denial of South Carolina's request for a waiver and request for a hearing, naming the Secretary and the USDOE as respondents. In its petition, South Carolina also requested an order that the Secretary restore, during the pendency of the hearing procedures, the $36.2 million in funding that the Secretary reduced from South Carolina's fiscal year 2012 allocation. In addition to its petition, South Carolina filed a motion to stay the reduction of its IDEA funds pending appeal.

The USDOE filed a motion to dismiss the petition for lack of jurisdiction, contending that its waiver determination was a final agency action subject to review only in the district

court under the Administrative Procedure Act, not in the court of appeals under the IDEA or GEPA.

By order dated August 13, 2012, we denied the State's motion for a stay pending appeal and deferred ruling on the USDOE's motion to dismiss until after oral argument.

In this appeal, we are thus presented with two procedural questions: (1) whether we have jurisdiction to consider South Carolina's petition for review, and (2) whether South Carolina is entitled to an opportunity for a hearing on the USDOE's determinations that South Carolina had "failed to maintain financial support for special education and related services for FY 2010 by $36,202,909" and consequently that South Carolina's grant for fiscal year 2012 be reduced by that amount.

II

To justify our jurisdiction over its petition for review, South Carolina relies principally on IDEA's provision authorizing a State to file a petition for review in a court of appeals when the "State is dissatisfied with the Secretary's action with respect to the eligibility of the State under section 1412 of this title." 20 U.S.C. § 1416(e)(8)(A). Alternatively, it relies on the GEPA's provision for review by courts of appeals of agency decisions to withhold payments for failing to comply substantially with any requirement of law applicable to such funds. *Id.* § 1234g.

Although South Carolina contends that both the IDEA and GEPA provide subject-matter jurisdiction over its petition, we will look first to the IDEA, the more specific statute and the statute pursuant to which the underlying action in this case was taken. *Cf. Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) (looking to ERISA instead of the more general Federal Aviation Act saving clause because "it is a commonplace of statutory construction that the specific governs the general").

Under the IDEA, any State "dissatisfied with the Secretary's action with respect to the eligibility of the State under section 1412 of this title . . . may . . . file with the United States court of appeals for the circuit in which such State is located a petition for review of that action." 20 U.S.C. § 1416(e)(8)(A). Our jurisdiction under this provision thus turns on whether South Carolina is appealing an "action with respect to . . . eligibility." Because South Carolina seeks review of the USDOE's decision denying a full waiver of the maintenance-of-effort condition for fiscal year 2010 imposed by § 1412(a)(18) (as well as the Secretary's decision not to grant South Carolina a hearing before making that decision), we must evaluate whether the maintenance-of-effort waiver determination was an "action with respect to eligibility."

South Carolina's primary argument on why a maintenance-of-effort waiver determination is an eligibility determination is that "[maintenance-of-effort] is one of the twenty-five eligibility requirements" and therefore "[b]y not waiving [the maintenance-of-effort condition] for the 2009-10 year, the Secretary found that South Carolina did not meet the eligibility requirements for a grant."

The USDOE argues to the contrary, contending that "South Carolina [had already been] found eligible for grants under IDEA Part B because its State's plan provided the required assurances" and, instead, that the cut in funding was due to a "[f]ailure to administer the grant *in compliance with* grant assurances." (Emphasis added).[2] It argues that South Carolina was not found ineligible for a grant under the IDEA because, had it been so found, it would not have received *any* funding.

The USDOE's position rests ultimately on the distinction

---

[2]The USDOE also contends that its interpretation is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Because we find the statute to be clear, however, we do not reach the question of deference.

between a *finding of ineligibility* and a *finding of non-compliance*. Explaining the difference, it states:

> If South Carolina had not provided one or more of the required assurances [contained in § 1412(a)], the [USDOE] would have found the State ineligible for a grant and would have provided the State with notice and opportunity for a hearing in connection with that finding. The State's failure to comply with any of these grant assurances in the administration of its federal grant is a basis for finding of noncompliance and may cause the Department to take enforcement action. But, under the IDEA's direct-review provision, only a finding of ineligibility is subject to direct review in the court of appeals.

The distinction that the USDOE makes is indeed meaningful. A condition of eligibility looks forward such that its failure leads to ineligibility. A finding of non-compliance, on the other hand, is an evaluation that looks backward in an assessment of performance.

Thus, as § 1412(a) sets forth the conditions to eligibility, it includes the forward-looking consequence of fund reductions, albeit not necessarily a complete funding reduction. Section 1412(a) provides that the consequence for failing to satisfy the maintenance-of-effort condition is a directly related reduction in the future allocation of grant funds. *See* 20 U.S.C. § 1412(a)(18)(B). The requirement thus operates an ongoing condition as to the State's eligibility for allocated grant funds, and as a condition of eligibility, a failure to satisfy the condition leads to proportionate ineligibility. In this manner, a failure to meet the maintenance-of-effort condition to the extent of $1,000 leads to a comparable reduction of future funds in the amount of $1,000. Non-compliance, on the other hand, is addressed in § 1416 pursuant to an *evaluation of past performance* following the State's submission of a "performance plan." *Id.* § 1416(b). The finding of a compliance failure

under § 1416 can lead to the Secretary's provision of "assistance," "intervention," "substantial intervention," or even "withholding funds." *Id.* § 1416(e).

To be sure, a State's failure to appropriate funds for special education as provided in the IDEA might lead either to the failure of a condition to funding eligibility under § 1412 or to non-compliance enforcement under § 1416. Consequently, it is necessary to determine the precise course that is implicated by either the State or the USDOE's actions and to apply the procedures that Congress prescribed for that course.

The course implicated in this case is not in question. There was no assessment of the State's performance plan, nor was there any finding that the State needed assistance, intervention, or substantial intervention as would occur under § 1416(e)(1)-(3). Although a determination that a State failed to comply with its plan could lead to the USDOE, under § 1416(e)(3), to recover funds, using GEPA; to withhold funds (after a hearing); to refer the case to the USDOE's Office of the Inspector General; or to refer the matter for appropriate enforcement action, no such actions were undertaken and none of the § 1416(e) remedies were invoked. Instead, South Carolina requested a waiver of the maintenance-of-effort condition to eligibility in § 1412(a)(18), and the USDOE acted accordingly. The USDOE addressed the request under § 1412(a)(18)(C) to determine whether the maintenance-of-effort condition should be waived.

More specifically, South Carolina requested a waiver of the maintenance-of-effort condition under § 1412(a)(18)(C)(i), which allows for a waiver based on "a precipitous and unforeseen decline in the financial resources of the State." The Secretary responded to the request, applying the criteria provided by the same provision, *finding* that the State "had failed to maintain financial support for special education and related services for FY 2010 by $36,202,909" and *reducing* grant

money for the following fiscal year to the same extent. Thus, both South Carolina's request and the USDOE's response employed § 1412, which in its entirety is directed to "State eligibility." The Secretary's waiver determination was accordingly (1) a determination whether to remove an eligibility condition, and (2) a reduction of the State's eligibility for future funding.

Because removing an eligibility condition imposed by § 1412 is an "action *with respect to the eligibility of the State under section 1412*," we readily conclude that we have jurisdiction to consider South Carolina's petition for review. 20 U.S.C. § 1416(e)(8)(A) (emphasis added).

The USDOE nonetheless argues that we lack jurisdiction because "South Carolina was not found ineligible for a grant under IDEA Part B" because, though funding for fiscal year 2012 was reduced, South Carolina continued to receive *some* funding. The USDOE claims that "only a finding of ineligibility is subject to direct review in the court of appeals," implying that the statute requires *complete* ineligibility before implicating our jurisdiction. But the text of § 1416(e)(8)(A) forecloses such a claim. Under that section, our jurisdiction does not depend on whether a State was found *completely* ineligible for funding. Rather, it depends on whether an action was taken "*with respect to* eligibility." (Emphasis added). A partial reduction in funding based on the failure to satisfy an eligibility condition is as much an "action with respect to eligibility" as is a full reduction of funding. Here, the Secretary used § 1412(a)(18)(B)-(C) to conclude that South Carolina was ineligible to receive $36.2 million in federal funding.

We therefore have jurisdiction over South Carolina's petition for review under § 1416(e)(8)(A) and need not reach South Carolina's other jurisdictional arguments.

## III

We turn next to South Carolina's contention that it is entitled to notice and an opportunity for a hearing before the Sec-

retary makes his final determination whether to grant South Carolina a full waiver of the maintenance-of-effort condition for fiscal year 2010. South Carolina contends that it is entitled to a hearing under either (1) IDEA § 1412(d)(2) because the Secretary found that the State was not eligible for the $36.2 million portion of its allocated grant under the IDEA; or (2) IDEA § 1416(e)(4)(A) and GEPA § 1234d(b) because the Secretary's reduction of South Carolina's grant following its denial of a full waiver was a "withholding."

For the same reasons the USDOE gave in challenging our jurisdiction, it contends that the Secretary's partial denial of South Carolina's waiver request was not an eligibility determination and also that the consequent reduction of its grant to South Carolina was not a withholding under either the IDEA or the GEPA so as to trigger notice and an opportunity for a hearing.

Paralleling our jurisdictional analysis, we look first to the language of the IDEA, which is the more specific statute relevant to this issue.

The IDEA entitles a State to notice and an opportunity for a hearing in two situations, both of which South Carolina claims are relevant. First, § 1412(d)(2) mandates that "[t]he Secretary shall not make a final determination that a State is not eligible to receive a grant under this subchapter until after providing the State (A) with reasonable notice; and (B) with an opportunity for a hearing." Similarly, § 1416(e)(4)(A) mandates notice and an opportunity for a hearing "[p]rior to withholding any funds under this section." Because our jurisdiction exists on the basis of a decision made with respect to eligibility, we look first to whether § 1412(d)(2)'s hearing provision is applicable.

Both the basis for our *jurisdiction* and the basis for a right to a *hearing* depend on the Secretary's making a determination relating to eligibility, but the IDEA uses slightly different

language for each. As addressed in Part II above, we have jurisdiction over "the Secretary's action[s] *with respect to the eligibility* of the State," 20 U.S.C. § 1416(e)(8)(A) (emphasis added), but South Carolina is entitled to a hearing only when the Secretary "make[s] a final determination *that a State is not eligible*" for funding, *id.* § 1412(d)(2). At oral argument, the USDOE treated these two provisions as equivalent, stating that if we found that we had jurisdiction, we should also conclude that South Carolina was entitled to an opportunity for a hearing.

While the USDOE may be correct in that position, the distinction in statutory language persuades us not to adopt a blanket rule that if we have jurisdiction under § 1416(e)(8), the State should also be entitled to notice and an opportunity for a hearing under § 1412(d)(2). Nonetheless, we do agree that in this case, the partial denial of the maintenance-of-effort waiver not only provides us with jurisdiction under § 1416(e)(8) but also amounts to a "determination that a State is not eligible" for funding under § 1412(d)(2), albeit only to the extent of $36.2 million.

Section 1412(a)(18)(B) provides for a reduction in the USDOE's grant to a State when the State fails to meet its maintenance-of-effort condition, while § 1412(a)(18)(C) removes this consequence and allows the State to become eligible for funding despite its failure to satisfy the condition. When the USDOE decided that South Carolina was only entitled to a partial waiver under § 1412(a)(18)(C) and that its eligibility would therefore be partially reduced under § 1412(a)(18)(B), it made a determination that the "State [was] not eligible" for the funding it otherwise would have received. 20 U.S.C. § 1412(d)(2). Thus, under § 1412(d)(2), South Carolina was entitled to notice and an opportunity to be heard before a *final* determination on its waiver request was made. *Id.*

Because we conclude that the Secretary's determination could not have been *final* until *after* the USDOE provided the

State with notice and an opportunity for a hearing, we also conclude that South Carolina remains eligible for its full funding until that final determination is made. Only if and when the USDOE *finally* denies South Carolina's waiver request can it reduce the federal funding grant to South Carolina, and then it can implement the reduction in "*any fiscal year* following [FY 2010]." 20 U.S.C. § 1412(a)(18)(B).

For the same reason, the Secretary may not, until he makes a *final* determination on the waiver request, redistribute to other States the amount of his proposed reduction of South Carolina's grant for fiscal year 2012, as directed by § 1514 of the Consolidated and Further Continuing Appropriations Act, Pub. L. No. 113-6, 127 Stat. 198, 425 (2013) (providing that "the Secretary shall distribute to all other States . . . any amount by which a State's allocation under [Part B] . . . is reduced under [the maintenance-of-effort penalty provision, § 1412(a)(18)(B)]").

Because we conclude that South Carolina is entitled to an opportunity for a hearing on the waiver determination, it is premature for us to address its challenge to the Secretary's decision to deny a full waiver. Likewise, we need not address South Carolina's argument that denying a hearing was a violation of due process.

*PETITION FOR REVIEW IS*
*GRANTED AND CASE REMANDED*
*WITH INSTRUCTIONS.*